IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE CHARLES WHITE,<br>    Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director, TDCJ-CID,<br>    Respondent. | No. 3:14-CV-2154-B |

### AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I.    Procedural Background

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-CID"). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent William Stephens is Director of the TDCJ-CID. On April 7, 2015, Petitioner also filed a motion for DNA testing.

On October 23, 1982, Petitioner was found guilty of murder and was sentenced to seventy-five years in prison. *State of Texas v. Willie Charles White*, No. F-82-86730 (204th Dist. Ct., Dallas County, Tex., Oct. 23, 1982). On October 2, 1985, the Fifth District Court of Appeals affirmed Petitioner's conviction. *White v. State*, No. 05-83-00154-CR (Tex. App.– Dallas, Oct.

2, 1985). On November 2, 1988, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. *White v. State*, PDR No. 1284-85.

On October 25, 2011, Petitioner filed a state petition for writ of habeas corpus. *Ex parte White*, Application No. 77,299-01. On March 28, 2012, the Texas Court of Criminal Appeals denied the petition without written order. Petitioner filed four additional state habeas petition between March 2012 and April 2014. Each of these petitions were dismissed as noncompliant.

On June 12, 2014, Petitioner filed this § 2254. He argues:

1. He received ineffective assistance of counsel when counsel:

    (A) refused to request DNA testing that would have proven his innocence;

    (B) did not consult with him;

    (C) did not review the prosecutor's files;

    (D) did not conduct an independent investigation; and

    (E) refused to call witnesses for the defense that would have proven his innocence;

2. The trial court erred in admitting evidence with blood on it, yet did not order that DNA testing be conducted on this evidence;

3. The clerk's office denied his right to DNA testing.

On January 5, 2015, Respondent filed his answer. The Court now finds the petition should be denied.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

## II. Discussion

### A. Procedural Bar

Respondent argues that Petitioner's first and second claims are procedurally barred because Petitioner failed to raise these claims in state court.

A federal court will ordinarily not review a claim where a petitioner has not presented his claim to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The record reflects that Petitioner failed to raise these claims on direct review or in his state habeas petition. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal as a subsequent writ.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635,

644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

### B. DNA Testing

Petitioner alleges the state clerk's office denied his motion for DNA testing. Although there is no freestanding right for post-conviction DNA testing, such a right can be created by state law. *District Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67-73 (2009). The State of Texas has created a constitutional right to procedural due process for post-conviction DNA testing in Chapter 64 of the Texas Code of Criminal Procedure. *Harris v. Lykos*, No. 12-20160, 2013 WL 1223837 (5th Cir. Mar. 27, 2013) (per curiam).

The record shows Petitioner filed at least two motions for DNA testing pursuant to § 64.01. The state court denied the first motion on September 30, 2011, stating only that "this Court concludes that Willis Charles White is not entitled to post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure." *Ex parte White*, No. 77,299-03 at 32.

In 2014, Petitioner filed his second state motion for DNA testing. On July 10, 2014, the State responded, *inter alia*, that no evidence was available for testing.[1] The State's response included: (1) a copy of an email from the Dallas County Clerk's Office stating it had no evidence relating to Petitioner's case; (2) a letter from the Southwestern Institute of Forensic Sciences (SWIFS) stating that in May, 1982 it had one white t-shirt, one pair of tan shorts, one pair of tennis shoes and fingernail clippings. The letter stated SWIFS returned this evidence to the Dallas Police Department on June 15, 1982; and (3) a letter from the City of Dallas stating that the white t-shirt, tan shorts and tennis shoes were destroyed on September 21, 1989, per city ordinance. (State's Resp. Ex. B, C, E.)

To be entitled to DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, Petitioner must show that evidence which can be subjected to DNA testing exists. TEX. CODE CRIM. PROC. § 64.03(a). Petitioner has failed to show that any DNA evidence currently exits for his case. He has therefore failed to establish that the state court's denial of DNA testing violated his constitutional rights. This claim should be denied.

### C.   Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and

---

1. The briefing for this motion was filed in state court after the state record was filed in this case. Respondent did not file these documents in the current case. The records can be found at www.dallascounty.org.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**

is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice and that his motion for DNA testing also be denied.

Signed this 11 day of August, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).